## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Special Agent Sangvarak Peou, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the U.S. Social Security Administration ("SSA"), Office of the Inspector General ("OIG"), where I have been employed since October 2022. I am assigned to the Office of Investigations, Boston Field Division, where I am responsible for conducting investigations related to violations of the laws of the United States, including federal benefit fraud, identity theft, and other offenses affecting program integrity at SSA. I have experience investigating Social Security fraud, including the spending of Social Security benefits improperly paid to deceased beneficiaries. My formal law enforcement training includes successfully completing the Criminal Investigator Training Program and the Inspector General Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, and the Massachusetts Bay Transportation Authority ("MBTA") Transit Police Municipal Police Officer Course in Quincy, Massachusetts.

2. Prior to my tenure as a Special Agent, I was employed as a Police Officer in the Town of Tewksbury, Massachusetts and the MBTA Transit Police Department for approximately 31 months in total. I hold a Bachelor of Arts in Criminal Justice from the American Military University in Charles Town, West Virgina and a Master of Science in Criminal Justice from the California Coast University in Santa Ana, California.

3. I am submitting this affidavit in support of a criminal complaint charging Gina M. CUMMINGS (YOB 1965) with one count of bank fraud, in violation of 18 U.S.C. § 1344.

4. The statements in this affidavit are based in part on information provided by federal agents and law enforcement officers; written reports about this investigation that I have received,

1

directly or indirectly, from other law enforcement agents; my personal observations; review of records; independent investigation and analysis by federal agents/analysts; and my experience, training, and background as a Special Agent with SSA-OIG.

5. Because this affidavit is being submitted for the limited purpose of securing a complaint, I have not included every fact known to me concerning this investigation. I have set forth only information that I believe is necessary to establish probable cause to believe that CUMMINGS violated 18 U.S.C. § 1344. Where statements of others are set forth in this affidavit, they are set forth in substance and in part, and not verbatim, unless indicated otherwise. The Probable Cause section below includes quotes from an interview of CUMMINGS, but does not include the entirety of the questions and responses.

## STATEMENT OF PROBABLE CAUSE

6. The Social Security Administration ("SSA") was a federal agency of the United States that administered the Old-Age ("Retirement Benefits"), Survivors, and Disability Insurance Program under the authority of Title II of the Social Security Act of 1935, as amended (42 U.S.C. §§ 401-433).

7. The Retirement Benefits program paid monthly cash benefits to beneficiaries who had worked and paid taxes to the SSA. To be eligible for monthly cash benefits, the beneficiary must have reached the age of 62. To have been eligible to receive monthly benefits, the beneficiary must have been alive for the entirety of the prior month.

8. F.C. was born in 1930 and began to receive SSA Retirement Benefits in 1997.

9. The "Pension Plan" is a private pension plan that paid monthly cash benefits to F.C. based on her employment before retirement. To have been eligible to receive monthly benefits, the pensioner must have been alive for the entirety of the prior month.

10. F.C. had a checking account at Cornerstone Bank ending in -7925 (the "-7925 account"). F.C. directed the SSA to deposit her Retirement Benefits and the Pension Plan to deposit her pension payments in the -7925 account. F.C. was the last living authorized user on the -7925 account.

11. Cornerstone Bank was a financial institution with offices located in Massachusetts, the accounts of which were insured by the Federal Deposit Insurance Corporation.

12. On or about August 29, 2019, F.C. died in Massachusetts.

13. At the time of F.C.'s death, CUMMINGS resided with F.C. in Charlton, Massachusetts and had access to her checkbook associated with the -7925 account.

14. CUMMINGS failed to report F.C.'s death to the SSA, the Pension Plan, and Cornerstone Bank.

15. Beginning on or about January 23, 2020, through July 25, 2025, CUMMINGS engaged in a scheme to defraud and obtain money and property under the custody and control of Cornerstone Bank by means of false and fraudulent pretenses. After F.C.'s death, CUMMINGS regularly depleted the SSA Retirement Benefits and the Pension Plan pension payments deposited into the -7925 account intended for F.C. by forging F.C.'s signature on several checks and maintaining recurring payments for bills.

16. From on or about September 1, 2019, through July 31, 2025, the SSA paid approximately $90,749 in Retirement Benefits on behalf of F.C. that were deposited into the -7925 account and spent by CUMMINGS pursuant to the scheme.

17. From on or about August 30, 2019, through January 30, 2025, the Pension Plan paid approximately $17,904.48 in pension payments on behalf of F.C. that were deposited into the -7925 account and spent by CUMMINGS pursuant to the scheme.

18. As a result of CUMMINGS's failure to report F.C.'s death to the SSA, CUMMINGS caused the United States Department of Treasury to issue three COVID Economic Impact Payments ("EIP") on or about April 29, 2020; January 4, 2021; and April 7, 2021 totaling approximately $3,200 on behalf of F.C. that were deposited into the -7925 account and spent by CUMMINGS pursuant to the scheme.

19. From on or about January 23, 2020, through July 23, 2025, CUMMINGS forged F.C.'s signature on 84 checks for the -7925 account as described below:

| Date on Check | Check # | Amount | Payee |
|---|---|---|---|
| 1/23/2020 | 7109 | $818.93 | Mapfre Insurance |
| 1/27/2020 | 7112 | $400.00 | CUMMINGS |
| 3/29/2020 | 7114 | $800.00 | CUMMINGS |
| 4/13/2020 | 7115 | $900.00 | CUMMINGS |
| 4/20/2020 | 7117 | $900.00 | CUMMINGS |
| 10/6/2020 | 7118 | $5,000.00 | CUMMINGS |
| 10/26/2020 | 7119 | $5,000.00 | CUMMINGS |
| 12/16/2020 | 7120 | $4,000.00 | CUMMINGS |
| 2/8/2021 | 7121 | $3,000.00 | CUMMINGS |
| 3/11/2021 | 7122 | $4,000.00 | CUMMINGS |
| 4/12/2021 | 7123 | $2,000.00 | CUMMINGS |
| 4/30/2021 | 7124 | $2,000.00 | CUMMINGS |
| 7/19/2021 | 7125 | $3,000.00 | CUMMINGS |
| 10/12/2021 | 7126 | $4,000.00 | CUMMINGS |
| 12/24/2021 | 7127 | $2,000.00 | CUMMINGS |
| 3/12/2022 | 7128 | $2,500.00 | CUMMINGS |
| 4/11/2022 | 7129 | $3,500.00 | CUMMINGS |
| 5/23/2022 | 7130 | $2,000.00 | CUMMINGS |
| 7/1/2022 | 7131 | $800.00 | CUMMINGS |
| 7/11/2022 | 7132 | $2,000.00 | CUMMINGS |
| 8/20/2022 | 7133 | $800.00 | CUMMINGS |
| 10/10/2022 | 7134 | $1,000.00 | CUMMINGS |
| 11/1/2022 | 7135 | $1,000.00 | CUMMINGS |
| 12/2/2022 | 7136 | $1,000.00 | CUMMINGS |
| 12/21/2022 | 7137 | $800.00 | CUMMINGS |
| 1/20/2023 | 7138 | $800.00 | CUMMINGS |
| 3/1/2023 | 7139 | $900.00 | CUMMINGS |
| 3/10/2023 | 7140 | $800.00 | CUMMINGS |

| Date on Check | Check # | Amount | Payee |
|---|---|---|---|
| 4/10/2023 | 7141 | $900.00 | CUMMINGS |
| 5/4/2023 | 7142 | $900.00 | CUMMINGS |
| 5/8/2023 | 7143 | $900.00 | CUMMINGS |
| 5/22/2023 | 7144 | $900.00 | CUMMINGS |
| 5/30/2023 | 7145 | $900.00 | CUMMINGS |
| 6/1/2023 | 7146 | $800.00 | CUMMINGS |
| 6/19/2023 | 7147 | $800.00 | CUMMINGS |
| 7/8/2023 | 7148 | $800.00 | CUMMINGS |
| 7/20/2023 | 7149 | $800.00 | CUMMINGS |
| 7/20/2023 | 7150 | $800.00 | CUMMINGS |
| 8/1/2023 | 7151 | $800.00 | CUMMINGS |
| 8/15/2023 | 7152 | $800.00 | CUMMINGS |
| 9/15/2023 | 7153 | $600.00 | CUMMINGS |
| 10/23/2023 | 7154 | $800.00 | CUMMINGS |
| 11/20/2023 | 7155 | $900.00 | CUMMINGS |
| 12/8/2023 | 7156 | $800.00 | CUMMINGS |
| 12/18/2023 | 7157 | $900.00 | CUMMINGS |
| 1/8/2024 | 7158 | $800.00 | CUMMINGS |
| 2/3/2024 | 7159 | $900.00 | CUMMINGS |
| 2/5/2024 | 7160 | $900.00 | CUMMINGS |
| 2/11/2024 | 7161 | $800.00 | CUMMINGS |
| 3/11/2024 | 7162 | $800.00 | CUMMINGS |
| 4/3/2024 | 7163 | $900.00 | CUMMINGS |
| 4/19/2024 | 7164 | $900.00 | CUMMINGS |
| 5/4/2024 | 7165 | $900.00 | CUMMINGS |
| 6/3/2024 | 7166 | $900.00 | CUMMINGS |
| 6/21/2024 | 7167 | $900.00 | CUMMINGS |
| 7/3/2024 | 7168 | $900.00 | CUMMINGS |
| 7/10/2024 | 7169 | $900.00 | CUMMINGS |
| 7/19/2024 | 7170 | $900.00 | CUMMINGS |
| 7/23/2024 | 7171 | $900.00 | CUMMINGS |
| 7/23/2024 | 7172 | $900.00 | CUMMINGS |
| 8/10/2024 | 7174 | $600.00 | CUMMINGS |
| 8/23/2024 | 7173 | $600.00 | CUMMINGS |
| 9/5/2024 | 7175 | $600.00 | CUMMINGS |
| 9/25/2024 | 7176 | $600.00 | CUMMINGS |
| 10/8/2024 | 7178 | $800.00 | CUMMINGS |
| 10/8/2024 | 7177 | $600.00 | CUMMINGS |
| 11/8/2024 | 7179 | $600.00 | CUMMINGS |
| 11/11/2024 | 7180 | $600.00 | CUMMINGS |

| Date on Check | Check # | Amount | Payee |
|---|---|---|---|
| 12/1/2024 | 7181 | $600.00 | CUMMINGS |
| 12/13/2024 | 7182 | $600.00 | CUMMINGS |
| 12/20/2024 | 7183 | $600.00 | CUMMINGS |
| 1/12/2025 | 7184 | $500.00 | CUMMINGS |
| 1/27/2025 | 7185 | $600.00 | CUMMINGS |
| 2/5/2025 | 7186 | $500.00 | CUMMINGS |
| 2/10/2025 | 7187 | $600.00 | CUMMINGS |
| 2/27/2025 | 7188 | $700.00 | CUMMINGS |
| 3/11/2025 | 7189 | $500.00 | CUMMINGS |
| 3/17/2025 | 7190 | $400.00 | CUMMINGS |
| 3/27/2025 | 7191 | $600.00 | CUMMINGS |
| 4/21/2025 | 7192 | $600.00 | CUMMINGS |
| 4/28/2025 | 7193 | $500.00 | CUMMINGS |
| 5/10/2025 | 7194 | $400.00 | CUMMINGS |
| 6/30/2025 | 7196 | $500.00 | CUMMINGS |
| 7/23/2025 | 7197 | $600.00 | CUMMINGS |
| **TOTAL** | | **$96,818.93** | |

20. From on or about September 3, 2019, through July 15, 2025, CUMMINGS maintained recurring payments from the -7925 account for utility, cable, and trash bills and insurance premiums for CUMMINGS's residence in Massachusetts.

21. Records from Country Bank show that CUMMINGS had a Country Bank checking account ending in -8903 since April 2020.

22. Video surveillance at the Country Bank branch location at 37 Worcester Road, Charlton, MA, shows CUMMINGS depositing forged checks from F.C.'s Cornerstone Bank account into the -8903 account on April 23 and 29, May 11, and July 1 and 24, 2025, as depicted below. This branch location is approximately 2.5 miles from CUMMINGS's residence.



| MA driver's license | 4/23/25 Country Bank ATM Surveillance | 4/29/25 Country Bank ATM Surveillance |
| 5/11/25 Country Bank ATM Surveillance | 7/1/25 Country Bank ATM Surveillance | 7/24/25 Country Bank ATM Surveillance |
| 10/16/25 SSA-OIG Interview Bodycam Footage | | |

23. SSA-OIG Special Agents ("SA") Sang Peou and Aaron Taylor interviewed CUMMINGS at her residence in Charlton, MA on October 16, 2025. The interview was recorded.

24. CUMMINGS stated that F.C. died approximately six years before. When asked if she had been taking F.C.'s Social Security benefits after death, CUMMINGS initially said "no."

When confronted with images of the checks made out to CUMMINGS and the fact that they were deposited at Country Bank where she had an account, however, CUMMINGS admitted that she had been depositing the checks and that she had spent the Social Security benefits.

25. CUMMINGS also acknowledged that she knew she was not entitled to this money. When asked how she knew that Social Security benefits were still coming into F.C.'s account after death, CUMMINGS stated that she received statements from Cornerstone Bank in the mail. She also admitted that she had never informed SSA of F.C.'s death when she realized the benefits were still being paid after death.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

## CONCLUSION

26.     Based on all of the foregoing information, I submit that there is probable cause to believe that from on or about January 23, 2020, through July 23, 2025, CUMMINGS knowingly and willfully committed bank fraud, in violation of Title 18, United States Code, Section 1344.

Respectfully submitted,

/Sangvarak Peou/
Sangvarak Peou
Special Agent, SSA-OIG

Sworn to before me telephonically in accordance with Fed. R. Crim. P. 4.1 on __Dec 17, 2025__.

11:02 A.M.

_____
HONORABLE DAVID H. HENNESSY
United States Magistrate Judge

9